IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JAMES STEPHEN BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 02-2791 Ml/An |
| | ) |
| KEITH T. SIEBERT, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND MOTION FOR NEW TRIAL**

Before the Court is Defendant's Motion for Judgment as a Matter of Law and Motion for New Trial, filed March 9, 2005. Plaintiff did not respond to Defendant's motion. For the following reasons, Defendant's motion is DENIED.

The instant case arose out of Plaintiff's apprehension and arrest by officers of the Memphis Police Department following a police pursuit during which Plaintiff attempted to evade the police and eventually crashed his vehicle into a tree. Plaintiff originally asserted claims of excessive force pursuant to 42 U.S.C. § 1983 against all Defendants and assault and battery under Tennessee law against the individual officer Defendants. Prior to trial, Plaintiff's claims against Defendants the City of Memphis, Mayor W.W. Herenton and Director of the Memphis Police

1

Department W.E. Crews were dismissed. (See Order Granting Def. City of Memphis' Mot. for Summ. J. and Dismissing Def. Herenton and Def. Crews, September 30, 2004 (Docket No. 67).) A trial was held in this case on February 14-18, 2005. At the close of evidence, the Court granted the oral motions for judgment as a matter of law of all of the individual officer Defendants except Officer Siebert. (See Order Confirming Grant of Oral Mots. for J. as a Matter of Law by Defs. Locastro, Davenport, Ray, and McGaughy, March 1, 2005 (Docket No. 91).) On February 17, 2005, the Jury was charged and began its deliberations regarding Plaintiff's two remaining claims against Officer Siebert - excessive force under 42 U.S.C. § 1983, and assault and battery under Tennessee law.[1] On February 18, 2005, the Jury returned a verdict finding Defendant Officer Siebert liable under 42 U.S.C. § 1983 for using excessive force in apprehending the Plaintiff, but not liable under Tennessee law for perpetrating an assault and battery on Plaintiff.[2]

---

[1] In addition to the oral charge, the Jury was provided with a printed copy of the instructions to use during their deliberations. (February 17, 2005, Jury Instructions (Docket No. 100).)

[2] Specifically, the Jury responded "yes" to the question "[h]as the plaintiff proven by a preponderance of the evidence that defendant KEITH T. SIEBERT used excessive force against him on October 18, 2001, in violation of his federally protected rights?" and "no" to the question "[h]as the plaintiff proven by a preponderance of the evidence that defendant KEITH T. SIEBERT is liable for assault and battery on the plaintiff?" (Jury Verdict Form (Docket No. 86), Question Nos. 1 and 2.)

2

Siebert liable under 42 U.S.C. § 1983 for using excessive force in apprehending the Plaintiff, but not liable under Tennessee law for perpetrating an assault and battery on Plaintiff.[2]

The Jury originally awarded $0.00 in damages regarding Plaintiff's § 1983 claim. (Jury Verdict Form, Question No. 3.)[3] The Court subsequently provided the Jury with a supplemental instruction with respect to nominal damages and instructed the Jury to continue its deliberations.[4] The Jury then returned a supplemental verdict awarding Plaintiff nominal damages of $1.00

---

[2] Specifically, the Jury responded "yes" to the question "[h]as the plaintiff proven by a preponderance of the evidence that defendant KEITH T. SIEBERT used excessive force against him on October 18, 2001, in violation of his federally protected rights?" and "no" to the question "[h]as the plaintiff proven by a preponderance of the evidence that defendant KEITH T. SIEBERT is liable for assault and battery on the plaintiff?" (Jury Verdict Form (Docket No. 86), Question Nos. 1 and 2.)

[3] Specifically, in response to the question "[u]nder the laws given to you in these instructions, state the amount of compensatory damages, if any, that plaintiff JAMES STEPHEN BROWN should be awarded from the defendant KEITH T. SIEBERT," the Jury responded as follows:
    Medical Expenses:     $0
    Lost Wages:     $0
    Compensatory Damages (other than medical expenses):     $0
(Jury Verdict Form, Question No. 3.)

[4] The Court's supplemental instruction was as follows:
    If you return a verdict for the Plaintiff, but find that the Plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.
(February 18, 2005, Supp'l Instruction (Docket No. 101).)

3

contends that the Jury could not have reasonably found Defendant Officer Siebert not liable for perpetrating an assault and battery under Tennessee law and liable pursuant to 42 U.S.C. § 1983 for having used excessive force in apprehending Plaintiff. Defendant also contends that there was not sufficient evidence to support the Jury's verdict, and that Defendant is entitled to qualified immunity.

The Court may grant judgment as a matter of law under Federal Rule of Civil Procedure 50 if a party has been "fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue...." Fed. R. Civ. P. 50. "Judgment as a matter of law may only be granted if, when viewing the evidence in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." Barnes v. City of Cincinnati, 401 F.3d 729, 736 (6th Cir. 2005)(citations omitted).

The authority to grant a new trial under Rule 59 rests within the discretion of the trial court. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980); Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940). "[A] new trial is warranted when a jury has reached a seriously erroneous result ...."

4

Strickland v. Owens Corning, 142 F.3d 353, 357 (6th Cir. 1998). A "seriously erroneous result" is shown by: "(1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." Holmes v. City of Massillon, 78 F.3d 1041, 1045-46 (6th Cir. 1996). Here, Defendant contends that the Jury's verdict was inconsistent and against the weight of the evidence.

When a motion for new trial asserts that the Jury's verdict is inconsistent, the trial Court must attempt "to reconcile [the verdict] if possible under any view of the evidence in the case." See Waggoner v. Mosti, 792 F.2d 595, 597 (6th Cir. 1986)(citations omitted)(finding trial court must attempt to reconcile jury's purportedly inconsistent answers to special interrogatories pursuant to Federal Rule of Civil Procedure 49(b)).[6] See also U.S. v. Alpine Indus., 352 F.3d 1017, 1026 (6th Cir. 2003)("[w]hen requested, a trial court faced with an apparent inconsistency between a jury's answers and the court's instructions must attempt to reconcile the two."). When ruling on a motion for a new trial based upon the ground that the verdict is against the weight of the evidence:

---

[6] Although the Waggoner Court described these standards in the context of the consistency of a jury's answers to special interrogatories pursuant to Rule 49(b), the Court finds that these standards apply equally where, as here, the Jury returned a general verdict with respect to each of Plaintiff's claims.

5

> [T]he trial court must compare the opposing proofs, weigh the evidence, and set aside the verdict if it is of the opinion that the verdict is against the clear weight of the evidence. It should deny the motion if the verdict is one which could reasonably have been reached, and the verdict should not be considered unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable.

Strickland, 142 F.3d at 357 (quoting Holmes, 78 F.3d at 1045-46).

The Court first addresses Defendant's contention that the Jury's verdict was inconsistent. The fact that the Jury found Defendant Officer Siebert liable for the use of excessive force and not liable for assault and battery does not necessarily indicate that the Jury's verdict was inconsistent. See, e.g., Waggoner, 792 F.2d at 597 (finding jury verdict consistent where defendant found liable for excessive force but not liable for state law assault and battery);[7] Frohmuth v. Metro. Gov't of Nashville and Davidson County, Tenn., No. 02-6284, 101 Fed. Appx.

---

[7] In Waggoner, the United States Court of Appeals for the Sixth Circuit found that the jury's verdict was not inconsistent because the jury instructions regarding the plaintiff's § 1983 claim did not require the plaintiff to prove that the defendants intended to harm the plaintiff, but the instructions regarding plaintiff's state law assault and battery claims did require such an intent, and because the jury instructions allowed for the jury to have reasonably found that excessive force was used while the plaintiff was in police custody subsequent to the plaintiff's arrest, whereas the plaintiff's assault and battery claims related only to conduct which occurred at the time of plaintiff's arrest. Waggoner, 792 F.2d at 597.

6

56, 2004 WL 1238919 at *3 (6th Cir. June 3, 2004)(same).[8] Rather, the consistency of a jury's verdict must be considered in light of the Court's instructions to the jury. Waggoner, 792 F.2d at 597.

With respect to Plaintiff's § 1983 claim, the Court instructed the Jury regarding the three elements that Plaintiff needed to prove in order to succeed on his § 1983 claim:

> First, that the conduct complained of was committed by a person acting under color of state law;
>
> Second, that this conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States (i.e., the right to be free from the use of excessive force); and
>
> Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

(February 17, 2005, Jury Instructions (Docket No. 100).) With respect to the second element, the Court instructed the Jury, in relevant part, as follows:

> In order for the plaintiff to establish the second element, he must show these things by a preponderance of the evidence: first, that the defendant committed the acts alleged by the plaintiff; second, that those acts caused plaintiff to suffer the loss of a federal

---

[8] In Frohmuth, the Sixth Circuit affirmed the district court's determination that the jury's verdict was not inconsistent because the Court's instruction regarding the assault and battery claim, but not the § 1983 claim, required a finding that the defendant caused bodily injuries to the plaintiff. Frohmuth, 2004 WL 1238919 at *3. Therefore, the jury in Frohmuth may have concluded that mental anguish allegedly suffered by the plaintiff formed the basis for the jury's verdict on that claim. Id.

7

> right (i.e., the right to be free from excessive
> force); and, third, that actions of the defendant were
> unreasonable under the circumstances.

(Id.)  The Court's instructions to the Jury did not require the Jury to find that Plaintiff had proven by a preponderance of the evidence that he had suffered actual compensable damages as a result of the constitutional deprivation in order to find Officer Siebert liable under § 1983.[9]  Rather, the Jury was later instructed with respect to damages that:

> You shall award actual damages only for those injuries
> which you find that plaintiff has proven by a
> preponderance of the evidence.  Moreover, you shall
> award actual damages only for those injuries which you
> find plaintiff has proven by a preponderance of the
> evidence to have been the direct result of conduct of
> the defendant.

(Id.)

Consistent with those instructions, the Jury Verdict Form separated the issues of liability and damages regarding Plaintiff's § 1983 claim into two questions.  First, the Jury was asked: "Has the plaintiff proven by a preponderance of the evidence that defendant KEITH T. SIEBERT used excessive force against him on October 18, 2001, in violation of his federally protected rights?" (Jury Verdict Form, Question No. 1.)  The Jury responded "Yes" to that question.  (Id.)  Subsequently, the Jury was asked: "Under the laws given to you in these instructions,

---

[9] Although the instructions mention "injuries and consequential damages," the term "injury" refers, at least in part, to the constitutional deprivation.

8

state the amount of compensatory damages, if any, that plaintiff JAMES STEPHEN BROWN should be awarded from the defendant KEITH T. SIEBERT." (Id., Question No. 3.) The Jury answered $0 regarding medical expenses, lost wages, and compensatory damages (other than medical expenses)(Id.); only after receiving a supplemental instruction regarding nominal damages was $1 awarded in nominal damages. (Supp'l Jury Verdict Form.)

With respect to Plaintiff's claim of assault and battery under Tennessee law, the second question in the Jury Verdict Form was: "[h]as the plaintiff proven by a preponderance of the evidence that defendant KEITH T. SIEBERT is liable for assault and battery on the plaintiff?" (Jury Verdict Form, Question No. 2.) The Jury instructions on assault and battery also included the following specific instruction: "[a] plaintiff who has suffered any bodily harm legally caused by an assault and battery by a defendant is entitled to recover compensation for such injury from that defendant." (February 17, 2005, Jury Instructions.) The Court's instruction regarding assault and battery, therefore, required Plaintiff to prove by a preponderance of the evidence that he had suffered "bodily harm legally caused by an assault and battery." Accordingly, Plaintiff was required to prove the existence of actual damages as an element of the assault and battery claim, unlike his § 1983

9

claim where the constitutional deprivation would suffice for a finding of liability.

Thus, an examination of the Jury instructions, the specific questions contained in the Jury Verdict Form, as well as the answers provided by the Jury, clearly demonstrates that the Jury verdict is consistent and reflects careful attention by the Jury to the instructions provided to them. The fact that an affirmative answer to the first question on the verdict form did not require a determination that Plaintiff had proven by the preponderance of the evidence physical or emotional damages resulting from the deprivation of constitutional rights, while an affirmative answer in connection with the second question on the verdict form concerning assault and battery did require such a determination, explains the Jury's verdict in this case. The Jury may reasonably have found that the first two elements of the § 1983 claim were present (i.e. that the Defendant was acting under color of state law and that Plaintiff had demonstrated by a preponderance of the evidence that excessive force was used in his detention), but that Plaintiff had failed to prove by a preponderance of the evidence any of the three specific categories of damages as set out in question number three on the verdict form. The Jury was then given a supplemental instruction requiring the Jury to return a verdict of $1.00 in nominal damages regarding Plaintiff's § 1983 claim, because Plaintiff had

10

demonstrated the existence of a constitutional deprivation, but failed to prove by the preponderance of the evidence damages resulting therefrom.

The Jury, when confronted with the second question on the verdict form relating to liability for assault and battery, was instructed that liability could exist only in the event that Plaintiff had shown that he had suffered bodily harm legally caused by an assault and battery. In that regard, the Jury clearly found that Plaintiff had failed in his burden of proof and thus answered question number two "no."

The Court next addresses whether the Jury's verdict was against the weight of the evidence. Defendant contends that he is entitled either to judgment as a matter of law or to a new trial because there was insufficient evidence to support the verdict in this case and because he is entitled to qualified immunity. Having reviewed the entire record, compared the opposing proofs, and weighed the evidence, the Court finds that the Jury's verdict is one which could reasonably have been reached.[10] Accordingly, Defendant is not entitled to a new

---

[10] Additionally, the Jury's finding that Defendant was liable for the use of excessive force contradicts his claim of qualified immunity. See Poe v. Haydon, 853 F.2d 418, 423 (6th Cir. 1988)("Government officials performing discretionary functions are afforded qualified immunity, shielding them from civil damages, as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). The Court therefore finds that Defendant is not entitled to qualified immunity.

11

trial. Moreover, viewing the evidence in the light most favorable to the Plaintiff and giving Plaintiff the benefit of all reasonable inferences, the Court finds that Defendant is not entitled to judgment as a matter of law with respect to Plaintiff's claims against him.

Accordingly, Defendant's motion for judgment as a matter of law or, in the alternative, for a new trial is DENIED.

So ORDERED this 26 day of May, 2005.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

12

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 103 in case 2:02-CV-02791 was distributed by fax, mail, or direct printing on June 1, 2005 to the parties listed.

---

Robert D. Meyers
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Amber Isom-Thompson
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Addie M. Burks
LAW OFFICE OF ADDIE M. BURKS
100 N. Main Building
Ste 2310
Memphis, TN 38103

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Honorable Jon McCalla
US DISTRICT COURT