FILED BY ___ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 MAY 26 PM 1:26

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | | |
|---|---|---|
| JAMES STEPHEN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-2791 Ml/An |
| | ) | |
| KEITH T. SIEBERT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Before the Court is Plaintiff's Motion for Attorney's Fees and Costs, filed March 14, 2005. Defendant filed a response on March 28, 2005. For the following reasons, Plaintiff's motion is DENIED.

The instant case arose out of Plaintiff's apprehension and arrest by officers of the Memphis Police Department following a police pursuit during which Plaintiff attempted to evade the police and eventually crashed his vehicle into a tree. In his Complaint, Plaintiff asserted claims of excessive force pursuant to 42 U.S.C. § 1983 as well as state law claims of assault and battery, intentional infliction of emotional distress and outrageous conduct, conspiracy, and negligence against all Defendants. Prior to trial, all of Plaintiff's claims against Defendants the City of Memphis, Mayor W.W. Herenton and Director

1

of the Memphis Police Department W.E. Crews (the "Municipal Defendants") were dismissed.[1] (See Order Granting Def. City of Memphis' Mot. for Summ. J. and Dismissing Def. Herenton and Def. Crews, September 30, 2004 (Docket No. 67).)  Also prior to trial, Plaintiff's state law claims of intentional infliction of emotional distress and outrageous conduct, conspiracy and negligence against Defendants Davenport, Ray, Siebert, McGaughy, and Locastro (the "Individual Officer Defendants") were dismissed.  (See Order Granting in Part and Denying in Part the Mot. for Summ. J. of Defs. Davenport, Ray, Siebert, McGaughy, and Locastro, September 30, 2004 (Docket No. 66).)

A trial was held in this case on February 14-18, 2005.  At the close of evidence, the Court granted the oral motions for judgment as a matter of law of all of the Individual Officer Defendants except Officer Siebert.  (See Order Confirming Grant of Oral Motions for J. as a Matter of Law by Defs. Locastro, Davenport, Ray, and McGaughy, March 1, 2005 (Docket No. 91).)  On February 17, 2005, the Jury was charged and began its deliberations regarding Plaintiff's two remaining claims against Defendant Officer Siebert - excessive force under 42 U.S.C. § 1983 and assault and battery under Tennessee law.  On February 18, 2005, the Jury returned a verdict finding Defendant Officer

---

[1] Plaintiff, in fact, conceded that the claims against Defendants Herenton and Crews should have been dismissed in his response to Defendants' motion for summary judgment.

2

Siebert liable under 42 U.S.C. § 1983 for using excessive force in apprehending the Plaintiff, but not liable under Tennessee law for perpetrating an assault and battery on Plaintiff.[2]

The Jury originally awarded $0.00 in damages regarding Plaintiff's § 1983 claim. (Jury Verdict Form, Question No. 3.)[3] The Court subsequently provided the Jury with a supplemental instruction with respect to nominal damages and instructed the Jury to continue its deliberations.[4]  The Jury then returned a supplemental verdict awarding Plaintiff nominal damages of $1.00

---

[2] Specifically, the Jury responded "yes" to the question "[h]as the plaintiff proven by a preponderance of the evidence that defendant KEITH T. SIEBERT used excessive force against him on October 18, 2001, in violation of his federally protected rights?" and "no" to the question "[h]as the plaintiff proven by a preponderance of the evidence that defendant KEITH T. SIEBERT is liable for assault and battery on the plaintiff?" (Jury Verdict Form (Docket No. 86), Question Nos. 1 and 2.)

[3] Specifically, in response to the question "[u]nder the laws given to you in these instructions, state the amount of compensatory damages, if any, that plaintiff JAMES STEPHEN BROWN should be awarded from the defendant KEITH T. SIEBERT," the Jury responded as follows:
　　Medical Expenses:　　　　　　　　　　　　$0
　　Lost Wages:　　　　　　　　　　　　　　　$0
　　Compensatory Damages (other
　　than medical expenses):　　　　　　　　$0
(Jury Verdict Form, Question No. 3.)

[4] The Court's supplemental instruction was as follows:
　　If you return a verdict for the Plaintiff, but find that the Plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.
(February 18, 2005, Supp'l Instruction (Docket No. 101).)

3

against Defendant Officer Siebert on Plaintiff's § 1983 claim. (Supp'l Jury Verdict Form (Docket No. 87).)

Plaintiff now moves for an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988. Section 1988 provides, in pertinent part: "[i]n any action or proceeding to enforce a provision of section[] ... 1983 ... of this title ..., the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs ...." 42 U.S.C. § 1988(b). A party must be a prevailing party to recover an attorney's fee under § 1988. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A "prevailing party" is a party that succeeds on any significant issue in litigation and attains some of the benefit sought in bringing suit. Id.

A plaintiff who wins nominal damages is a prevailing party under § 1988. Farrar v. Hobby, 506 U.S. 103, 112-13 (1992)(finding the lower court erred in ruling that an award of nominal damages did not render plaintiff a prevailing party). Accordingly, the Court finds that Plaintiff is a prevailing party in this case. However, having determined that Plaintiff is a prevailing party, the Court must next determine what, if any, attorney's fee award would be reasonable in this case. Hensley, 461 U.S. at 433 (noting that, after the Court has determined that a party is a prevailing party, "[i]t remains for the district court to determine what fee is 'reasonable.'")

4

The most "critical factor" in determining the reasonableness of a fee award is "the degree of success obtained." Farrar, 506 U.S. at 112-13 (citations omitted). When "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Id. (citations omitted).

Specifically, a plaintiff's recovery of only nominal damages affects the Court's analysis of the reasonableness of any fee award. Id.; See also Pouillon v. Little, 326 F.3d 713, 716-17 (6th Cir. 2003)(reversing trial court's award of attorney's fees under § 1988 where plaintiff received only nominal damages in suit seeking compensatory and punitive damages). As the Supreme Court observed in Farrar:

> In some circumstances, even a plaintiff who formally prevails under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party. As we have held, a nominal damages award does render a plaintiff a prevailing party by allowing him to vindicate his absolute right to procedural due process through enforcement of a judgment against the defendant. In a civil rights suit for damages, however, the awarding of nominal damages also highlights the plaintiff's failure to prove actual, compensable injury. Whatever the constitutional basis for substantive liability, damages awarded in a § 1983 action must always be designed to compensate injuries caused by the [constitutional] deprivation. When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief ... the only reasonable fee is usually no fee at all.

5

Id. (citations and internal quotation marks omitted).

Here, Plaintiff, in his Complaint, sought compensatory and punitive damages against all Defendants. As previously noted, all of Plaintiff's claims against the Municipal Defendants were dismissed prior to trial. Additionally, Plaintiff's claims against the Individual Officer Defendants, except for the two remaining claims against Officer Siebert, were dismissed either before trial or at the close of evidence in the case. Ultimately, Plaintiff received a favorable verdict on only one of the two claims addressed by the Jury, and received only nominal damages regarding the claim on which the Jury found in his favor.[5] Having reviewed the record, and in light of the Supreme Court's discussion in Farrar and the factors relevant to determining the reasonableness of any fee award under § 1988, the Court finds that no attorney's fee award is appropriate in this case. For those same reasons, the Court finds that the parties shall pay their own costs related to this case.

For the reasons stated, Plaintiff's Motion for Attorney's Fees and Costs is DENIED.

---

[5] Furthermore, Plaintiff has not provided a sworn affidavit regarding the fees requested or their reasonableness, has not provided any evidentiary support for the requested hourly rate to be charged for those fees, did not attempt to separate out work attributable to any of the dismissed Defendants, and has included in his request compensation for certain clerical and other non-legal tasks.

6

So ORDERED this 26 day of May, 2005.

_____
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 104 in case 2:02-CV-02791 was distributed by fax, mail, or direct printing on June 1, 2005 to the parties listed.

---

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Addie M. Burks
LAW OFFICE OF ADDIE M. BURKS
100 N. Main Building
Ste 2310
Memphis, TN 38103

Robert D. Meyers
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Amber Isom-Thompson
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Honorable Jon McCalla
US DISTRICT COURT