IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES STEPHEN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-2791 Ml/An |
| | ) | |
| KEITH T. SIEBERT, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER OF CORRECTION

The Clerk is instructed to replace page 3 of the Court's May 26, 2005, Order Denying Defendant's Motion for Judgment as a Matter of Law and Motion for New Trial (Docket No. 103), with the document attached as Appendix A to this order.

So ORDERED this 2 day of May, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-9-05

105

**APPENDIX A**

The Jury originally awarded $0.00 in damages regarding Plaintiff's § 1983 claim. (Jury Verdict Form, Question No. 3.)[3] The Court subsequently provided the Jury with a supplemental instruction with respect to nominal damages and instructed the Jury to continue its deliberations.[4] The Jury then returned a supplemental verdict awarding Plaintiff nominal damages of $1.00 against Defendant Officer Siebert on Plaintiff's § 1983 claim. (Supp'l Jury Verdict Form (Docket No. 87).)

Defendant moves for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), or, in the alternative, for a new trial pursuant to Rule 59.[5] Specifically, Defendant

---

[3] Specifically, in response to the question "[u]nder the laws given to you in these instructions, state the amount of compensatory damages, if any, that plaintiff JAMES STEPHEN BROWN should be awarded from the defendant KEITH T. SIEBERT," the Jury responded as follows:
  Medical Expenses:                              $0
  Lost Wages:                                    $0
  Compensatory Damages (other
    than medical expenses):                      $0
(Jury Verdict Form, Question No. 3.)

[4] The Court's supplemental instruction was as follows:
  If you return a verdict for the Plaintiff, but find that the Plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.
(February 18, 2005, Supp'l Jury Instruction (Docket No. 101.)

[5] After the close of evidence on February 16, 2005, Defendant Siebert orally moved for judgment as a matter of law pursuant to Rule 50(a). The Court denied his motion. Defendant Siebert properly renewed his motion, pursuant to Rule 50(b), after the Court entered judgment. See Fed. R. Civ. P. 50(b).

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 105 in case 2:02-CV-02791 was distributed by fax, mail, or direct printing on June 9, 2005 to the parties listed.

---

Addie M. Burks
LAW OFFICE OF ADDIE M. BURKS
100 N. Main Building
Ste 2310
Memphis, TN 38103

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Robert D. Meyers
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Amber Isom-Thompson
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT