IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 MAY 26 PM 1:26

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | |
|---|---|
| JAMES STEPHEN BROWN,      ) | |
| )   | |
| Plaintiff,        ) | |
| )   | |
| v.                ) | No. 02-2791 Ml/An |
| )   | |
| KEITH T. SIEBERT,         ) | |
| )   | |
| Defendant.        ) | |

### ORDER DENYING PLAINTIFF'S MOTION FOR ADDITUR OR IN THE ALTERNATIVE MOTION FOR NEW TRIAL AS TO DAMAGES

Before the Court is Plaintiff's Motion for Additur or in the Alternative Motion for New Trial as to Damages, filed February 28, 2005. Defendant responded in opposition on March 9, 2005. For the following reasons, Plaintiff's motion is DENIED.

The instant case arose out of Plaintiff's apprehension and arrest by officers of the Memphis Police Department following a police pursuit during which Plaintiff attempted to evade the police and eventually crashed his vehicle into a tree. In his Complaint, Plaintiff asserted claims of excessive force pursuant to 42 U.S.C. § 1983 as well as state law claims of assault and battery, intentional infliction of emotional distress and outrageous conduct, conspiracy, and negligence against all Defendants. Prior to trial, all of Plaintiff's claims against

Defendants the City of Memphis, Mayor W.W. Herenton and Director of the Memphis Police Department W.E. Crews (the "Municipal Defendants") were dismissed.[1] (See Order Granting Def. City of Memphis' Mot. for Summ. J. and Dism. Def. Herenton and Def. Crews, September 30, 2004 (Docket No. 67).)  Also prior to trial, Plaintiff's state law claims of intentional infliction of emotional distress and outrageous conduct, conspiracy, and negligence against Defendants Davenport, Ray, Siebert, McGaughy, and Locastro (the "Individual Officer Defendants") were dismissed.  (See Order Granting in Part and Denying in Part the Mot. for Summ. J. of Defs. Davenport, Ray, Siebert, McGaughy, and Locastro, September 30, 2004 (Docket No. 66).)

A trial was held in this case on February 14-18, 2005.  At the close of evidence, the Court granted the oral motions for judgment as a matter of law of all of the Individual Officer Defendants except Officer Siebert.  (See Order Confirming Grant of Oral Motions for J. as a Matter of Law by Defs. Locastro, Davenport, Ray, and McGaughy, March 1, 2005 (Docket No. 91).)  On February 17, 2005, the Jury was charged and began its deliberations regarding Plaintiff's two remaining claims against Defendant Officer Siebert – excessive force under 42 U.S.C. §

---

[1] Plaintiff conceded that the claims against Defendants Herenton and Crews should have been dismissed in his response to Defendants' motion for summary judgment.

1983, and assault and battery under Tennessee law.[2]  On February 18, 2005, the Jury returned a verdict finding Defendant Officer Siebert liable under 42 U.S.C. § 1983 for using excessive force in apprehending the Plaintiff, but not liable under Tennessee law for perpetrating an assault and battery on Plaintiff.[3]

    The Jury originally awarded $0.00 in damages regarding Plaintiff's § 1983 claim.[4]  The Court subsequently provided the Jury with a supplemental instruction with respect to nominal damages and instructed the Jury to continue its deliberations.[5]

---

[2] In addition to the oral charge, the Jury was provided with a printed copy of the instructions to use during their deliberations. (February 17, 2005, Jury Instructions (Docket No. 100).)

[3] Specifically, the Jury responded "yes" to the question "[h]as the plaintiff proven by a preponderance of the evidence that defendant KEITH T. SIEBERT used excessive force against him on October 18, 2001, in violation of his federally protected rights?" and "no" to the question "[h]as the plaintiff proven by a preponderance of the evidence that defendant KEITH T. SIEBERT is liable for assault and battery on the plaintiff?" (Jury Verdict Form (Docket No. 86), Question Nos. 1 and 2.)

[4] Specifically, in response to the question "[u]nder the laws given to you in these instructions, state the amount of compensatory damages, if any, that plaintiff JAMES STEPHEN BROWN should be awarded from the defendant KEITH T. SIEBERT," the Jury responded as follows:

    Medical Expenses:     $0
    Lost Wages:     $0
    Compensatory Damages (other than medical expenses):     $0

(Jury Verdict Form, Question No. 3.)

[5] The Court's supplemental instruction was as follows:
If you return a verdict for the Plaintiff, but find that the Plaintiff has failed to prove by a
(continued...)

The Jury then returned a supplemental verdict awarding Plaintiff nominal damages of $1.00 against Defendant Officer Siebert on Plaintiff's § 1983 claim. (Supp'l Jury Verdict Form (Docket No. 87).)

Plaintiff contends that the Jury's award of nominal damages of $1.00 is contrary to the evidence presented and accordingly moves the Court to either enter judgment for an amount of damages consistent with those presented at trial or, alternatively, order a new trial as to damages. Defendant maintains that Plaintiff seeks relief that is unavailable under federal law and that the Jury's verdict was consistent with the evidence received in this case.

The Seventh Amendment generally prohibits a Court from granting an additur after federal jury trials. Dimick v. Schiedt, 293 U.S. 474, 486-87 (1935); see also Traylor v. United States, 396 F.2d 837, 840, n. 4 (6th Cir. 1968); Clay v. Gordon, No. 98-6408, 205 F.3d 1339, 2001 WL 191936 at * 3 (6th Cir. Feb. 10, 2000). An exception to that rule exists when the parties consent to additur or when the amount of damages are undisputed. Clay, 2001 WL 191936 at *3 (citations omitted). Here, although the

---

(...continued)
    preponderance of the evidence that he suffered any
    actual damages, then you must return an award of
    damages in some nominal or token amount not to exceed
    the sum of one dollar.
(February 18, 2005, Supp'l Jury Instruction (Docket No. 101).)

amount of medical costs incurred by Plaintiff subsequent to his apprehension is not disputed, the parties dispute whether or not those costs are attributable to the conduct of Defendant Siebert. Accordingly, the Court finds that granting an additur in this case would not comport with the Seventh Amendment.

The authority to grant a new trial under Rule 59 rests within the discretion of the trial court. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). "[A] new trial is warranted when a jury has reached a seriously erroneous result ...." Strickland v. Owens Corning, 142 F.3d 353, 357 (6th Cir. 1998). A "seriously erroneous result" is shown by: "(1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." Holmes v. City of Massillon, 78 F.3d 1041, 1045-46 (6th Cir. 1996). Here, Plaintiff contends that the Jury's verdict regarding damages was against the weight of the evidence.

When ruling on a motion for a new trial based upon the ground that the verdict is against the weight of the evidence:

> [T]he trial court must compare the opposing proofs, weigh the evidence, and set aside the verdict if it is of the opinion that the verdict is against the clear weight of the evidence. It should deny the motion if the verdict is one which could reasonably have been reached, and the verdict should not be considered unreasonable simply because

> different inferences and conclusions could have been drawn or because other results are more reasonable.

Strickland, 142 F.3d at 357 (quoting Holmes, 78 F.3d at 1045-46).

During the trial, Plaintiff presented undisputed evidence that he received and paid for medical treatment after he was taken into custody by the police. However, the undisputed evidence at trial also showed that Plaintiff's automobile crashed into a tree just prior to his apprehension by the Defendant Officers. Having reviewed the entire record, compared the opposing proofs, and weighed the evidence, the Court finds that the Jury's verdict was not against the weight of the evidence.

The Court's conclusion is supported by the instructions given to the Jury. With respect to compensatory damages, the Jury was instructed, in pertinent part:

> You shall award actual damages only for those injuries which you find the plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find plaintiff has proven by a preponderance of the evidence to have been the direct result of the conduct of the defendant.

(February 17, 2005, Jury Instructions (Docket No. 100).) With respect to Plaintiff's § 1983 claim, the Jury was instructed that Plaintiff was required to prove, *inter alia*, that the Defendant's conduct was the proximate cause of Plaintiff's injuries. With respect to proximate cause, the Court instructed the Jury as follows:

> The third element that plaintiff must prove regarding his section 1983 claim is that the acts of the defendant were the proximate cause of the injuries sustained by the plaintiff.
>
> Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the given defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of the defendant's act or omission, it was proximately caused by such act or omission. In other words, if the defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.
>
> A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

(Id.) Based upon these instructions and the evidence presented at trial, the Jury may reasonably have found that Plaintiff had not proven by a preponderance of the evidence that his medical costs were the result of the conduct of Defendant Officer Siebert, as opposed to other unidentified individuals at the scene of the arrest or the pre-apprehension accident.

For the reasons stated above, Plaintiff's motion for additur or, in the alternative, for a new trial is DENIED.

So ORDERED this 26 day of May, 2005.

Jon P. McCalla
United States District Judge